```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ELISABETH PRESUMEY,              :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO.   3:15CV278(DFM)
                                 :
TOWN OF GREENWICH, BOARD OF      :
EDUCATION and LIUNA LOCAL 36,    :
                                 :
     Defendants.                 :
```

RULING ON DEFENDANT LIUNA'S MOTION FOR SUMMARY JUDGMENT

The plaintiff brings this discrimination action against her former employer, the Town of Greenwich Board of Education, and her union, Laborers' International Union of North America Local 136 ("LIUNA" or "union"). She alleges that the union discriminated against her in its representation of her based on her race/color, national origin and disability in violation of Title VII, CFEPA and the ADA. The defendant union now moves for summary judgment. (Doc. #43.) The plaintiff "stipulates that the Motion for Summary Judgment of the defendant LIUNA Local 26 may be granted absent objection" and appears to have abandoned her claims against the union.[1]  (Doc. #44.) The defendant's motion is granted.

---

[1] See Jackson v. Fed. Exp., 766 F.3d 189, 198 (2d Cir. 2014) ("In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

I.   Facts[2]

The plaintiff, an African-American woman of Haitian national origin, was employed by the defendant Town of Greenwich Board of Education ("Town") as a Professional Assistant from 2008 until 2012.  She was a member of the defendant LIUNA which had a collective bargaining agreement with the Town.  Pursuant to the Town's written job description, an "essential feature" of the position of Professional Assistant was "provid[ing] for the physical needs of students including lifting and toileting; us[ing] mechanical lift equipment and transfer aids as needed including the ability to transfer in wheelchairs."  (Def's 56(a)1 Stmt. ¶9.)  In a 2008 Memorandum to the union, the Town reiterated that all Professional Assistants are "expected to perform the essential functions of their job . . . [which] includes the ability to toilet, feed and lift students who require this accommodation . . . ."  (Id. at ¶11.)  The Memorandum made clear that "that light duty does not exist within this job class."  (Id. at ¶12.)  The plaintiff signed an "Acknowledgment" that she received a copy of the Town's job description and understood that "the duties of lifting, toileting and feeding students with special needs are

---

[2]The facts are taken from the defendant's Local Rule 56(a)1 statement and are deemed admitted because the plaintiff does not oppose the pending motion and did not file a Local Rule 56(a)2 statement.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

essential functions of the job . . . ."  (Id. at ¶13.)

In November 2011, the plaintiff injured her left shoulder at work.  (Id. at ¶17.)  As a result of her injury, plaintiff's physician placed her on light duty and imposed significant lifting restrictions.  (Id. at ¶18.)  The plaintiff was out of work from November 2011 until November 2012.  (Id. at ¶20.)

In the beginning of November 2012, the defendant Town notified the plaintiff that it had medical documentation that she was unable to perform the core functions of a Professional Assistant because of her physical restrictions.  (Id. at ¶21.)  The Town scheduled a meeting with the plaintiff on November 19, 2012 to discuss her employment status.  (Id. at ¶22.)  The plaintiff sent an email to the Town's Human Resources Director and her union claiming that white employees had been permitted light duty assignments.  (Id. at ¶26.)  She did not identify anyone by name.  (Id.)  In response to the plaintiff's email, LIUNA asked the Town whether any Professional Assistants had been placed on light duty status.  (Id. at ¶27.)  The Town responded that no Professional Assistants had been offered light duty status because light duty did not exist for that position.  (Id. at ¶28.)  LIUNA representatives met with the plaintiff before her scheduled meeting with the Town and accompanied her to the meeting.  (Id. at ¶¶29-30.)  At the meeting with the Town, the plaintiff requested light duty status.  (Id. at ¶30.)  The Town informed her that light duty status was not

available for Professional Assistants.  (Id. at ¶31.)  About ten days later, the Town sent plaintiff a letter terminating her employment on the grounds that she had medical restrictions rendering her unable to perform the essential functions of her job. (Id. at ¶32.)  The plaintiff did not ask the union to file a grievance as to her termination.  (Id. at ¶37.)

In her operative complaint filed June 29, 2015, the plaintiff alleges that LIUNA discriminated against her on the basis of race, color, national origin and physical disability. (Doc. #17, Am. Compl.)

II.  Legal Standard

Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (per curiam).  "A genuine dispute of material fact 'exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor.'"  Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 843 (2d Cir. 2013) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)).  The evidence adduced at the summary judgment stage must be viewed in the light most favorable to the non-moving party and with all ambiguities and reasonable inferences drawn against the moving party.  See, e.g., Tolan, 134

S. Ct. at 1866; Caronia v. Philip Morris USA, Inc., 715 F.3d 417, 427 (2d Cir. 2013). All in all, "a 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Tolan, 134 S. Ct. at 1866 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

III. Discussion

Defendant LIUNA argues that it is entitled to summary judgment on plaintiff's Title VII, ADA and CFEPA claims because it did not breach the duty of fair representation and because there is no evidence that it engaged in discriminatory conduct.

"A member of a union bringing a discrimination claim against h[er] union must show, 'at a minimum, that the union breached its duty of fair representation and that its actions were motivated by discriminatory animus.'" Jones v. Int'l Union of Operating Engineers, No. 5:14 CV 1014, 2015 WL 9269280, at *7 (N.D.N.Y. Dec. 11, 2015) (quoting McIntyre v. Longwood Cent. School Dist., 380 F. App'x 44, 49 (2d Cir. 2010)). The duty of fair representation obliges a union "'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" Smith v. New Venture Gear, Inc., 319 F. App'x 52, 57 (2d Cir. 2009) (quoting Vaca v. Sipes, 386 U.S. 171, 177 (1967). "[B]reach [of this duty] occurs only when a union's conduct toward

a member . . . is arbitrary, discriminatory, or in bad faith." Id. "It is . . . [the] plaintiff's burden to prove the union breached its duty, not the employer's to show that it did not." Young v. U.S. Postal Serv., 907 F.2d 305, 308 (2d Cir. 1990). "[T]he duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." Cruz v. Local Union No. 3 of Intn'l. Bhd. of Elec. Workers, 34 F.3d 1148, 1153-54 (2d Cir. 1994).

The plaintiff's claim that the defendant LIUNA breached its duty of fair representation because it did not file a grievance on her behalf fails because she did not request that it do so. See Flanigan v. Int'l Bhd. Of Teamsters, Local No. 671, 942 F.2d 824, 829 (2d Cir. 1991) ("Because appellants did not ask the Union to process a grievance on this issue, they cannot complain that the Union failed to represent them properly."); Goodman v. Port Auth. of New York & New Jersey, No. 10 CIV. 8352, 2011 WL 3423800, at *7 (S.D.N.Y. Aug. 4, 2011) ("before an employee can bring a claim based on a union's failure to represent him properly, he first must ask the union to process a grievance. . . . Because Plaintiff failed to allege that he filed grievances or otherwise asked the Union to take action with respect to any issue except his termination, his duty of fair representation claims fail . . . ."); Badlam v. Reynolds Metals Co., 46 F. Supp. 2d 187, 203 (N.D.N.Y.

1999) ("Because [Badlam] did not ask the Union to process a grievance on this issue, [she] cannot complain that the Union failed to represent [her] properly.")

Moreover, there is no record evidence from which the court can infer that the union acted with discriminatory animus. It is uncontroverted that the plaintiff's physician placed her on light duty with significant lifting restrictions; the essential functions of the Professional Assistant job required that the plaintiff be able to toilet, feed and lift students; no light duty existed for this position; LIUNA met with the plaintiff before her meeting with the Town and attended the meeting; and no other Professional Assistants were given light duty. Because the record before the court discloses no genuine issue of material fact as to whether LIUNA breached its duty of fair representation, the motion for summary judgment is granted.

IV. Conclusion

For these reasons, the defendant's motion (doc. #43) is granted. This is not a recommended ruling. The parties have consented to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. #36.)

SO ORDERED this 26th day of May, 2016 at Hartford, Connecticut.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge