ELIZABETH PRESUMEY,            :
                               :
     Plaintiff,                :
                               :
     v.                        :          Case No. 3:15cv278(DFM)
                               :
TOWN OF GREENWICH              :
BOARD OF EDUCATION,            :
                               :
     Defendant.                :

RULING ON DEFENDANT'S MOTION TO AMEND ANSWER

The plaintiff, Elisabeth Presumey, brought this employment discrimination action against the Board of Education for the Town of Greenwich, Connecticut, alleging that it failed to accommodate her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-51 et seq. After trial, a jury returned a verdict in the plaintiff's favor. Pending before the court is the defendant's motion for leave pursuant to Fed. R. Civ. P. 15(b) to amend its answer to assert the affirmative defenses of failure to mitigate and set-off. (Doc. #100.) The motion is granted.

I.   Discussion

The parties agreed that damages and fees would be decided by the court if the jury found liability in favor of the plaintiff. (Doc. #77, tr. at 140, 143.) Following that agreement, after the jury returned a verdict in favor of the plaintiff, the court

scheduled an evidentiary hearing on damages for May 3, 2018.[1] (Doc. #83.) In anticipation of the hearing, the defendant filed the instant motion.

"Failure to mitigate damages is an affirmative defense and therefore must be pleaded." Travellers Int'l, A.G. v. Trans World Airlines, Inc., 41 F.3d 1570, 1580 (2d Cir. 1994). "The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver." Id.

"Federal Rule of Civil Procedure 15 governs amendment of pleadings. Rule 15 gives the court discretion to allow amendments before, during, and after trial. Leave should be 'freely given.'" United States v. City of New York, 847 F. Supp. 2d 395, 428 (E.D.N.Y. 2012). Rule 15(b) is "intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel . . . ." 6A C. Wright, et al., Federal Practice and Procedure § 1491 at 6 (3rd ed. 2010).

> The Second Circuit has stated that a court should allow leave to amend a pleading unless the non-moving party can establish prejudice or bad faith. AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Motions to amend are ultimately within the discretion of the district courts, Foman, 371 U.S. at 182, 83 S.Ct. 227, and they should be handled with a "strong preference for

---

[1]Although the parties indicated that they were hopeful of being able to resolve the issues without judicial intervention, they were unable to do so. (Doc. #77, tr. at 140 "if we prevail on liability, I think it's [sic] a good chance that defense counsel and I will be able to -- we'll be able to work it out.")

resolving disputes on the merits." <u>Williams v. Citigroup Inc.</u>, 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting <u>New York v. Green</u>, 420 F.3d 99, 104 (2d Cir. 2005)) (internal quotation marks omitted).

<u>Summit Health, Inc. v. APS Healthcare Bethesda, Inc.</u>, 993 F. Supp. 2d 379, 403 (S.D.N.Y. 2014), <u>aff'd sub nom.</u> <u>APEX Employee Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.</u>, No. 14-3191, 2018 WL 672419 (2d Cir. Feb. 1, 2018).

The defendant argues that the court should grant its motion because "permitting evidence of failure to mitigate and set-off will aid the Court in its determination of the proper damages to award plaintiff so as not to permit Plaintiff to receive a double recovery . . . ." (Doc. #100 at 1.) The plaintiff objects. (Doc. #102.)

The plaintiff first asserts that the motion should be denied because the defendant has not "explain[ed] its delay in seeking to raise the proposed affirmative defenses." (Doc. #102 at 1-2.) Notwithstanding the delay, the plaintiff does not suggest that she will suffer any prejudice whatsoever if the amendment is permitted. To the contrary, the record reflects that she anticipated these defenses - the defendant points out that the plaintiff's damages analysis, which she served on the defendant, recognized that certain sums were to be deducted from any damages award. (Doc. #101, Ex. A.)

> Under Fed. R. Civ. P. 15(b), a district court may consider claims outside those raised in the pleadings so long as doing so does not cause prejudice. . . . In

3

> opposing a Rule 15(b) amendment, a party cannot normally
> show that it suffered prejudice simply because of a
> change in its opponent's legal theory. Instead, a party's
> failure to plead an issue it later presented must have
> disadvantaged its opponent in presenting its case.

DiMare Homestead, Inc. v. Alphas Co. of New York, 547 F. App'x 68,
70 (2d Cir. 2013)(quotation marks and citations omitted.)  "Mere
delay, however, absent a showing of bad faith or undue prejudice,
does not provide a basis for a district court to deny the right to
amend."  State Teachers Retirement Board v. Fluor Corp., 654 F.2d
843, 856 (2d Cir. 1981).   Therefore, this objection does not
warrant denial of the defendant's motion.

The plaintiff next argues that the motion should be denied
because "the proposed affirmative defenses are insufficient as a
matter of law [in that] neither  . . . states any factual basis for
the legal conclusion pled therein."   (Doc. #102 at 2.)   The
plaintiff goes on to state that "[t]he requirement that sufficient
facts be pled to demonstrate a 'plausible' basis for the claim is
the standard for all pleadings."  (Doc. #102 at 2.)  This argument
is inapposite.  "Although there has been much discussion regarding
the applicability of the plausibility standard set forth in Bell
Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v.
Iqbal, 556 U.S. 662 (2009), to affirmative defenses, . . . the
majority of district courts . . . have determined that the
plausibility standard does not apply to affirmative defenses. See
Sibley v. Choice Hotels, Int'l, Inc., 304 F.R.D. 125, 133 (E.D.N.Y.

4

2015) (collecting cases)." <u>White v. Fein, Such & Crane, LLP</u>, No.
15-CV-438V(SR), 2018 WL 955903, at *1 (W.D.N.Y. Feb. 20, 2018).
<u>See</u> <u>273 Lee Ave. Tenants Association by Sanchez v. Steinmetz</u>, No.
16CV6942WFKCLP, 2017 WL 6383960, at *1 (E.D.N.Y. Nov. 16,
2017)("The far majority of district courts in this Circuit have
held that the <u>Twombly</u>/<u>Iqbal</u> pleading standard does not apply to
affirmative defenses," and require only that a defendant
"'affirmatively state' an affirmative defense.")

For these reasons, the defendant's motion is granted. The
defendant shall electronically file the amended answer by April 19,
2018.

SO ORDERED at Hartford, Connecticut this 16th day of April,
2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge